LUNDVALL BROTHERS, INC., a Colorado corporation, d/b/a Lundvall Oil and Exploration Company, Bellwether Exploration Company; Hertzke Brothers, a partnership, Colorado Oil and Gas Conservation Commission, Conquest Oil Company, and Langford Resources, a Colorado general partnership, Plaintiffs–Appellees,

v.

Gayle VOSS, City Clerk of the City of Greeley, a municipal corporation, Vitus Einsphar, Fire Chief, City of Greeley Fire Department, the Election Board of the City of Greeley, a body politic, and the City of Greeley, a municipal corporation, Defendants–Appellants.

No. 89CA1282.

Colorado Court of Appeals,
Div. III.

Dec. 20, 1990.

As Modified on Denial of Rehearing
Feb. 15, 1991.

As Corrected Feb. 25, and
March 21, 1991.

Certiorari Granted July 9, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy J. Monahan, Asst. Atty. Gen., Denver, James J. Peyton, Lind, Lawrence & Ottenhoff, Kenneth F. Lind, Greeley, Randolph W. Starr, P.C., Randolph W. Starr, Loveland, for plaintiffs-sppellees.

George N. Monsson, Asst. City Atty., Greeley, for defendants-appellants.

Kenneth A. Wonstolen, Gorsuch, Kirgis, Campbell, Walker and Grover, Hugh V. Schaefer, William A. Keefe, Kevin M. Baird, Denver, for amicus curiae Independent Petroleum Ass'n of Mountain State.

Lohf, Shaiman & Ross, P.C., J. Michael Morgan, Denver, for amicus curiae Colorado Oil and Gas Ass'n.

Opinion by Judge NEY.

The defendants, City of Greeley and its clerk, fire chief, fire department, and election board, appeal the trial court's partial summary judgment entered in favor of plaintiffs on the issue whether the doctrine of preemption invalidated the application of a municipal ordinance. We affirm.

## I.

■ The City first contends that a home rule municipality is granted authority by the Colorado Constitution to regulate matters of local concern and that such constitutional control is not preempted by the statutory authority granted to the Oil and Gas Conservation Commission. We disagree.

The City, at times relevant to this action, had a municipal ordinance which, by land use regulation, prohibited the drilling of oil, gas, or hydrocarbon wells within its corporate limits. Greeley Ordinance 90, 1985 (Sept. 17, 1985). This ban was in direct conflict with drilling permits previously issued by the Commission and represented an attempt by the City to render such permits null and void.

The Commission challenged the validity of the City's drilling regulations, asserting that authority to regulate the area of oil and gas development was exclusively delegated to the Commission by the Colorado Oil and Gas Conservation Act, § 34–60–101 et seq., C.R.S. (1984 Repl.Vol. 14). We agree with the trial court that the City's regulations are invalid.

*Bowen/Edwards Associates v. Board of County Commissioners,* 812 P.2d 656 (Colo.App.1990) is dispositive of the issue of preemption. There we said:

"By law, the Commission has the authority to 'promulgate rules and regulations to protect the health, safety, and welfare of the general public in the drilling, completion, and operation of oil and gas wells and production facilities.' Section 34–60–106(11), C.R.S. (1989 Cum. Supp.). The statute further provides that the grant to the Commission of any specific power shall not be construed to be in derogation of any of the general powers granted by the Act. Section 34–60–106(4), C.R.S. (1984 Repl.Vol. 14).

"We conclude that these two statutory subsections give the Commission broad authority to regulate all phases of oil and gas development, including regulation of the impact of such development on the surrounding community. Having thus preempted the field, the General Assembly has left no room for local regulation, and the regulations adopted by the Board are invalid."

■ We conclude that this case stands for the proposition that a local governmental entity is preempted from regulating the development of oil and gas within its corporate limits. Therefore, the trial court's entry of summary judgment in favor of the Commission on this issue was correct.

## II.

The City, however, asserts that the principles of *Oborne v. Board of County Commissioners,* 764 P.2d 397 (Colo.App.1988) (*cert. denied,* 778 P.2d 1370 (Colo.1989)) and *Bowen/Edwards Associates, Inc. v. Board of County Commissioners, supra,* are not applicable to home rule cities. The City bases this assertion on the distinction between a county as a legislatively created subdivision of the state and a home rule city, which derives its power from Colo. Const. art. XX, § 6. We disagree.

■ In a matter of exclusively local concern, an ordinance passed by a home rule city supersedes a conflicting state statute; in a matter of exclusively state concern, however, a state statute supersedes the conflicting municipal ordinance; and, finally, in a matter of mixed local and statewide concern, an ordinance which conflicts with a state statute is superseded by that statute. *National Advertising Co. v. Department of Highways,* 751 P.2d 632 (Colo. 1988).

In deciding whether a state interest is sufficient to justify preemption of inconsistent home rule provisions, we apply the analysis set out in *City and County of Denver v. State,* 788 P.2d 764 (Colo.1990), which holds the following factors determinative:

(1) the need for statewide uniformity of regulation,

(2) the impact of the municipal regulation on persons living outside the municipal limits, and

(3) whether a particular matter is one traditionally governed by state or local government.

## A.

It is the intent of the Oil and Gas Conservation Act to permit each oil and gas pool in Colorado to produce up to its maximum efficient rate while prohibiting waste and protecting the rights of owners and producers of a common source of the minerals. Section 34–60–102(1), C.R.S. (1984 Repl.Vol. 14).

Further, § 34–60–102(2) of the Act declares that the public interest is served when producers and consumers of natural gas are afforded the protection and benefits of federal laws and regulations which affect the price and allocation of natural gas and crude oil.

Hence, we conclude that to effectuate the legislative intent and serve the public interest, statewide uniformity of regulation is required. Therefore, the first factor in *Denver v. State*, results in a determination of statewide concern.

## B.

The impact of the ordinance on persons living outside the City of Greeley is not, as the City contends, confined to a few mineral lease and property owners and a few drilling or well service companies. This ordinance, and like ordinances, ultimately affect the overall management, including conservation, safety, economic, and environmental concerns, of the statewide oil and gas industry.

The nature of the deposits of oil and gas does not lend itself to management within municipal boundaries, and the effect of a municipal ordinance governing the development of those deposits may encompass persons outside those boundaries. Therefore, the second part of the *Denver v. State* analysis also results in a determination of statewide concern.

## C.

The City is correct in its assertion that land use has traditionally been regulated in Colorado at a local level. *See National Advertising Co. v. Department of Highways, supra.* However, the power of home rule cities with respect to local and municipal matters is not without limits. A city may not, as here, use its power of land use regulation to prohibit all drilling of wells within its boundaries in contravention of the power granted to the Commission. As *Bowen/Edwards* establishes, the regulation of oil and gas development, as a specific land use, is a matter of statewide concern. Thus, the municipal ordinance of a home rule city is superseded by the state statute.

Further, because we conclude that regulation by home rule cities conflicts with the regulatory power granted to the Commission, we conclude that the holding in *Bowen/Edwards* that "the General Assembly has left no room for local regulation" applies to home rule cities.

## III.

The City last asserts that if the Oil and Gas Conservation Act is interpreted as preempting the field of oil and gas regulation, then the statutory delegation of this authority within a home rule city is unconstitutional.

Because we are without jurisdiction to address the question of facial constitutionality of a statute, we *do not consider this* argument. *See* § 13–4–102(1)(b) C.R.S. (1987 Repl.Vol. 6A); *People v. Fields*, 697 P.2d 749 (Colo.App.1984).

To the extent that we have jurisdiction of the issues presented, the judgment is affirmed.

METZGER and RULAND, JJ., concur.